UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO.: 4:07CV-2- M

PAULA OSBORNE and
CAROLYN MCNEI LL                                                                 PLAINTIFFS
v.

GERALD PINSONNEAULT and
SITTON MOTOR LINES, INC.                                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Plaintiffs Paula Osborne ("Osborne") and Carolyn McNeill ("McNeill") to remand this action to state court.  Plaintiffs claim that Defendants Gerald Pinsonneault ("Pinsonneault") and Sitton Motor Lines, Inc. ("Sitton Motor") have failed to meet their burden of proving that the amount in controversy in this diversity action exceeds $75,000. Fully briefed, this matter is ripe for decision.  For the following reasons, Plaintiffs' Motion to Remand is **DENIED**.

### FACTS

In their Complaint, Plaintiffs allege that Defendant Pinsonneault, the driver of a semi tractor trailer truck owned by Defendant Sitton Motor, negligently collided with Plaintiffs' vehicle, causing them both bodily injuries. (DN 1, Complaint ).  According to the Complaint, both Plaintiffs are residents of Kentucky; Defendant Pinsonneault is a resident Missouri; and Defendant Sitton Motor is a foreign corporation incorporated in Missouri. Prior to initiating this action, Plaintiff Carolyn McNeill sought to her claim against the Defendants, demanding first $125,000.00 (DN 9, Attach. 1) and then $74, 000.00 (DN 8, Attach. 2).  In this action, Plaintiffs seek unspecified damages for medical expenses, past and future lost wages, physical and mental pain and suffering, and punitive

damages (DN 1, Complaint).

## DISCUSSION

Removal to federal court from state court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a). District courts have original jurisdiction of "civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different states." 28 U.S.C. § 1332(a).

The defendant has the burden of proving that removal is proper. Rogers v. Walmart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000). The "amount in controversy" is determined by the complaint, Saint Paul Mercury Indemnity Co. v. Red Cab Company, 303 U.S. 283, 291 (1938), and removal is generally improper if, on the face of the complaint, the plaintiff states a claim for less than $75,000 Gafford v. Gen. Elec. Co., 997 F.2d 150, 157 (6th Cir. 1993). However, where the plaintiff seeks to recover "some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant must prove that by a "preponderance of the evidence," that the plaintiff's claims meet the federal amount- in- controversy requirement. Id. Further, claims for punitive damages should be included in the amount- in-controversy, "unless it is apparent to a legal certainty that such cannot be recovered." Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 572 (6th Cir. 2001).[1]  Finally, where there is more than one plaintiff, their damages cannot be combined to meet the amount-in-controversy requirement. Everett v. Verizon Wireless,

---

[1] In Kentucky, punitive damages are available against tortfeasors who were grossly negligent. Kinney v. Butcher, 131 S.W.3d 357, 359 (Ky. Ct. App. 2004). In their Complaint, Plaintiffs allege that their injuries resulted from the gross negligence of Defendants. (DN 1, Attach.) Also, under Kentucky law, exemplary damages must bear some relationship to actual damages, though not necessarily a proportional relationship. Klepper v. Osborne, 1994 U.S. App. LEXIS 28710 (6th Cir.) (citing Hensley v. Paul Miller Ford, Inc. 508 S.W. 2d 759, 763 (Ky. 1974).

Inc., 460 F.3d 818, 823 (6th Cir. 2006).

The Sixth Circuit has not spoken directly to what weight should be given settlement offers when attempting to ascertain the actual amount in controversy. However, other Circuits have held that, for purposes of determining whether a defendant has met its burden of proof in seeking removal based on diversity jurisdiction, "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." Cohn v. Petsmart, Inc. 281 F.3d 837, 840 (9th Cir. 200 ). See also Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 428-430 (7th Cir. 1997); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994); Wilson v. Belin, 20 F.3d 644, 651, n.8 (5th Cir. 1994).

Thus, here, when the allegations in the Complaint are considered along with the two settlement offers, the Court believes the Defendants have met their burden of proving that it is more likely than not that the amount-in-controversy exceeds $75,000. In the Complaint, the Plaintiffs seek significant actual damages - for alleged permanent injuries that have caused them medical expense, pain and suffering, lost wages, and impairment of the power to earn money - and unlimited punitive damages. Additionally, the first settlement offer of $125,000, made on behalf of only *one* plaintiff, clearly exceeded the jurisdictional minimum, and the second offer of $74,000 made on her behalf fell just a shade below. This Court agrees with the other district courts which have held than an offer falling just below the jurisdictional threshold tends to suggest that the amount in controversy exceeds this threshold, especially since parties "routinely offer and accept settlement amounts significantly below the total amount placed into controversy..." Sayre v. Potts, 32 F. Supp.2d 881, 888 (S.D.W.Va.1999); see also Hollon v. Consumer Plumbing Recovery Center, 417 F. Supp.2d 849, 854 (E.D.Ky. 2006). Therefore, the Court concludes that the Defendants have met

their burden of proving, "by a preponderance of the evidence," that the Plaintiffs' claims meet the $75,000 amount-in-controversy requirement of 28 U.S.C. § 1332(a).

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion to Remand is **DENIED.**

cc: Counsel of Record